IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHANDLER TODD BARR

    Plaintiff,

v.                                                                            No. 12-1109 GBW/RHS

THE CITY OF ALBUQUERQUE *et al.*

    Defendants.

## ORDER

This matter is before the Court on Defendants' Motion for Stay of Discovery and Request for Entry of a Protective Order. *Docs. 61, 74, 78*. The matter is fully briefed[1] and the Court has determined that a hearing is unnecessary.[2] As described below, the Motion will be GRANTED.

**I.    BACKGROUND**

Plaintiff's action arises from the events of September 14, 2010, which culminated in Plaintiff being shot by a City of Albuquerque policewoman, Defendant Leah Kelly. *See generally doc. 52*. On that date, Plaintiff, who was apparently suffering from mental

---

[1] Plaintiff's Response (*doc. 74*) is an omnibus response to three motions from Defendants. Given this approach, it is unsurprising that it exceeds the Court's rule regarding page limits. Indeed, Plaintiff's counsel recognized as much when he filed an opposed motion to exceed page limitations. *Doc. 73*. Unfortunately, counsel did not wait for Defendants' response, let alone a ruling from the Court, before proceeding to file its omnibus response. For efficiency's sake, the Court will grant the motion to exceed page limits and consider the omnibus response. However, in the future, briefing which exceeds page limits without prior Court permission will be stricken as violative of the local rules.

[2] As such, the Court hereby vacates the hearing on this matter scheduled for November 1, 2013. *See doc. 80*.

illness, went to the Greyhound station on First Street in downtown Albuquerque. *Id.* at ¶¶19-26. Plaintiff initially entered and exited the station without incident, but returned bleeding and apparently armed with a butter knife. *Id.* ¶¶ 28, 31-34. Bus station staff, observing the blood, approached Plaintiff, at which point Plaintiff asked them to leave him alone and exited the bus station with the knife. *Id.* at ¶¶ 34-37. A bus station employee contacted the police while Plaintiff continued away from the station and towards a nearby parking structure. *Id.* at ¶¶ 38, 40-41.

Defendants Jennifer Jara and Kelly responded to the scene. *Id.* at ¶¶ 42-43. When they arrived, Plaintiff had exited the parking structure and was continuing to inflict wounds on himself with the knife. *Id.* at ¶¶ 45-52. At some point after arriving at the scene, Defendants Jara and Kelly drew their firearms and Defendant Kelly issued commands to Plaintiff. *Id.* ¶¶ 57, 61. Plaintiff, apparently in response to Defendant Kelly, began to move towards her. *Id.* ¶ 59, 61. At that point, Defendant Kelly shot Plaintiff twice, in the right clavicle and upper right abdomen, and Plaintiff fell to the ground. *Id.* at ¶¶ 65, 68-69. Defendants Jara and Kelly then approached Plaintiff, ordered him to turn over on his stomach, and when Plaintiff failed to comply, Defendant Jara used her boot to help turn Plaintiff over. *Id.* at ¶¶ 72, 74-75. Plaintiff was taken to the University of New Mexico Hospital, where his wounds were treated. *Id.* at ¶¶ 84-86. Plaintiff was ultimately transferred to the Northwest Center for

Behavioral Health in Oklahoma, where he was confirmed as having schizoaffective disorder, bipolar type. *Id.* at ¶ 88.

Because Plaintiff had been shot, Defendant Andrea Ortiz was called to the scene to investigate the incident. *Id.* at ¶ 78. As a result of Defendant Ortiz's investigation, Plaintiff was charged aggravated assault on a police officer, in violation of N.M.S.A. 1978 § 30-22-22, and assault with intent to commit a violent felony, in violation of N.M.S.A. 1978 § 30-3-3. *Id.* at ¶ 80. Plaintiff was ultimately indicted only on the charge of aggravated assault on a police officer, which Plaintiff successfully challenged, resulting in dismissal of the charge on March 30, 2012. *Id.* at ¶¶ 91, 94-95, 97.

Plaintiff filed the instant action, alleging violations of New Mexico state tort law and Plaintiff's Fourth and Fourteenth Amendment rights, as well as federal municipal liability and supervisory liability, on October 25, 2012. *See doc. 1*, Ex. A. Plaintiff filed his amended Complaint on July 3, 2013. *Doc. 52.* On July 25, 2013, Defendant Ortiz filed a motion for summary judgment on the basis of qualified immunity as to the relevant federal claims and because the state tort claims are barred as a matter of law. *Doc. 59.* On the same day, all Defendants filed the motion to stay discovery and for entry of a protective order that is the subject of this order. *Doc. 61.* Subsequently, Defendants Jara and Kelly filed a motion for summary judgment on the basis of qualified immunity. *Doc. 64.* The motion for a stay was fully briefed on October 18, 2013.

3

II.  **STANDARD OF REVIEW**

   A.  **Federal Rule of Civil Procedure 56(d)**

Federal Rule of Civil Procedure 56(d) allows for limited discovery relating to a motion for summary judgment "when facts are unavailable to the nonmovant." FED. R. CIV. P. 56(d).  Normally, an application under this Rule is treated liberally. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).  However, where the defense of qualified immunity is involved, the court must exercise its discretion to ensure that the discovery requested does not infringe on the protections from discovery provided by the qualified immunity defense.  *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990).  Nonetheless, officials invoking this defense are not protected from all discovery, "only from discovery which is either avoidable or overly broad." *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (quoting *Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989).

A party making an application under Rule 56(d) in response to a qualified immunity motion must "demonstrate a connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion." *Lewis*, 903 F.2d at 759 (citation omitted).  This demonstration must go beyond merely showing that additional discovery would reveal a factual dispute or that the other party possesses evidence that would support the moving party's allegations. *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir.1988).

### B. Stay of Proceedings Pursuant to a Motion Based on Qualified Immunity

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Moreover, the qualified immunity defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S.

5

299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III.   ANALYSIS

Defendants move the Court to stay discovery on the basis of their qualified immunity motion. *Docs. 59, 61, 64.* Plaintiff objects to the stay apparently only as it relates to the malicious prosecution claim he has brought against Defendants Ortiz, Kelly, and City of Albuquerque. *Docs. 52* at 17, *74* at 28. He argues that the stay must be held in abeyance because he requires the depositions of Defendant Ortiz and other witnesses relevant to this claim, namely a representative of the district attorney who pursued the indictment of Plaintiff, because the malicious prosecution count requires a showing of subjective malice. *Doc. 74* at 28, 30, Ex. 22. Therefore, he contends that his need for discovery on this count is heightened and overrides the normal protection afforded by qualified immunity. *Id.* at 30. Accordingly, while Plaintiff has filed a responsive brief to Defendants' motions for summary judgment (*see doc. 74*), Plaintiff has also filed a Rule 56(d) affidavit requesting limited discovery relating to this claim. *Id.*, Ex. 22. Defendants counter that they remain entitled to the requested stay either because there has already been sufficient discovery in this case to allow Plaintiff to effectively respond to their motions for summary judgment, or the filing of Plaintiff's response constitutes waiver of her right to request additional discovery under Rule 56(d). *Doc. 78* at 1-2.

A.  **Plaintiff's Request for Discovery Under Federal Rule of Civil Procedure 56(d) is Denied**

Plaintiff's request for additional discovery under Rule 56(d) suffers from two distinct flaws.  First, by filing a responsive brief to Defendants' motions for summary judgment, Plaintiff has waived his right to seek additional discovery.  As the Tenth Circuit has explained, "[t]he protection afforded by Rule 56[d] is an alternative to a response in opposition to summary judgment under 56(e). . . ." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986); *see also Villa v. Bd. of Cty. Comm'rs of the Cty. of Arapahoe*, 931 F.2d 900 at * 4 (10th Cir. May 1, 1991)("[W]hen, as here, a party has responded to a summary judgment motion under 56(e), that party waives any option it may have had to proceed under Rule 56[d]."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)("The nonmovant must carry its burden in the district court pursuant to Rule 56(e) **or** explain why it cannot pursuant to Rule 56[d].")(emphasis added).

In addition, Plaintiff's Rule 56(d) affidavit is insufficient to justify a grant of further discovery.  In order to obtain the protection of the Rule, the party furnishing the 56(d) affidavit must include an explanation of why the facts precluding summary judgment cannot be provided and the steps that have already been taken to acquire these facts, as well as how additional time would enable that party to ultimate rebut the moving party's claims.  *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1991).  Plaintiff seeks discovery as to the malice element of the malicious

prosecution claim, but fails to explain what steps he has already taken to discover facts about that element of his claim, nor provides an explanation of why he has failed to take the requested depositions up to this date. *Doc. 74* at 28-30, Ex. 22. As to Defendant Ortiz, Plaintiff merely states that he "has not yet had a chance to depose her." This statement falls far short of the specificity required both by the Rule and by this Circuit. *See, e.g. Garcia v. United States Air Force*, 533 F.3d 1170, 1179-80 (10th Cir. 2008)(upholding the lower court's refusal to grant additional discovery under Rule 56(d) where counsel's affidavit "failed to identify any specific facts which would create a genuine issue of material fact, let alone identify what steps had been taken to obtain such facts and a plan for the future.") Turning to the deposition of a representative of the prosecutor, it appears that Plaintiff was aware, even before the filing of his action, that Chief Deputy District Attorney Mark Drebing could serve as a witness in this case. *See id.*, Ex. 21). Yet, Plaintiff provides no information why he did not attempt to depose him in the time between when the initial discovery deadline was set on December 4, 2012 (*see doc. 17*) and Defendants' motions were filed on July 25 and August 9, 2013, respectively. *Garcia*, 533 F.3d at 1180 (upholding the lower court's refusal to grant additional discovery under Rule 56(d) on the alternative basis that nonmovant had failed to conduct the requested discovery in spite of its availability for six months prior to filed a Rule 56(d) request.) Nor does he explain why he could not depose Mr. Drebing or another representative.

Plaintiff's request under 56(d) is therefore denied.

### B. Defendants' Motion for a Stay Is Granted

Having determined that Plaintiff is not entitled to further discovery as to Defendants' motions, the Court finds that a stay is appropriate here. Absent a showing that additional discovery is required, the Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery. Defendants Ray Schultz, Kelly, Jara, and Ortiz are all public officials entitled to raise qualified immunity as their defense. Although the City of Albuquerque is not entitled to qualified immunity, its liability is contingent on that of the remaining Defendants. *See Hinton v. City of Elwood, Kan.*, 997 F.3d 774, 782-83 (10th Cir. 1993) (explaining that where there was no underlying constitutional violation, a finding of qualified immunity for the official in question would also excuse municipal liability). Any further discovery regarding the City would likely implicate the other Defendants, thereby impinging upon their immunity. Therefore, this matter must be stayed.

### IV. CONCLUSION

Plaintiff's request for discovery under Rule 56(d) has either been waived or, in the alternative, is denied because Plaintiff's Rule 56(d) affidavit is insufficient. Plaintiff's Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(d) is therefore DENIED. Defendants' Motion to Stay Discovery is GRANTED. Further

discovery in this case, including expert disclosures pursuant to Rule 26, is STAYED pending ruling on Defendants' motions for summary judgment (*docs. 59, 64*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**