IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHANDLER TODD BARR,

    Plaintiff,

v.                                      Civ. No. 12-1109  GBW/RHS

CITY OF ALBUQUERQUE *et al*.

    Defendants.

### ORDER LIFTING STAY AND SETTING PRETRIAL DEADLINES AND BRIEFING SCHEDULE

The Court held a telephonic status conference to reset case management deadlines on April 8, 2014.  After consultation with the parties, the Court hereby lifts the stay of discovery and sets the following deadlines:

The termination date for discovery is **July 8, 2014**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

1

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **July 22, 2014**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. See *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); D.N.M.LR-Civ. 26.3(b). Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than **May 8, 2014**. All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than **June 9, 2014**.

Any dispositive or *Daubert* motions shall be filed with the Court and served on opposing parties by **July 15, 2014**. Parties shall have thirty days to respond, and replies, if any, will be due fifteen days after the response is filed.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Motion practice must be conducted in accordance with the local rules. In particular, the Court would highlight Local Rule 7.4 which provides that response and reply deadlines "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period." D.N.M.LR-Civ. 7.4(a). Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.*

Counsel are directed to submit a consolidated final pretrial order as follows: Plaintiff to Defendant on or before **September 24, 2014**; Defendant to Court on or before **October 6, 2014**. Counsel are directed that the pretrial order will provide that no witnesses except rebuttal witnesses, whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court upon a showing of good cause.

**IT IS SO ORDERED**.

_____
JUDGE
Presiding by Consent