IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHANDLER TODD BARR,

    Plaintiff,

v.                                                               No. 12-CV-01109-GBW-RHS

THE CITY OF ALBUQUERQUE, and
LEAH KELLY, in her individual capacity,

    Defendants.

**PLAINTIFF'S MOTION IN LIMINE II:
LIMITING THE TESTIMONY OF DEFENDANTS' AND PLAINTIFF'S
RESPECTIVE POLICE PROCEDURES EXPERTS TO
RELEVANT TESTIMONY THAT ASSISTS THE JURY WITHOUT
COMMENTING ON THE REASONABLENESS OF THE SHOOTING ITSELF**

    COMES NOW Plaintiff, by and through the undersigned counsel, and hereby files, pursuant to Federal Rules of Evidence 401, 402, 403, 701, and 702, his Motion in Limine II, seeking to limit the testimony of Defendants' and Plaintiff's respective police procedures experts to opinions and testimony concerning (1) the procedures and tactics that police officers are expected to follow when engaging a subject exhibiting signs of emotional disturbance or mental illness, (2) the procedures and tactics appropriate when officers confront an individual wielding a knife, (3) appropriate discipline and supervision of officers within a police department, (4) the Department of Justice report, and (5) the significance of the firearm Defendant Kelly chose to use as her duty weapon (*see* Doc. 52, at ¶¶ 53-55).   Plaintiff also seeks an order from this Court that precludes both Donald Whitson (Defendants' police procedures expert witness) and Roger Clark (Plaintiff's police procedures expert witness) from offering testimony on the credibility of parties or witnesses, the reasonableness of Defendant Kelly's use of force, or from directly commenting on the underlying shooting altogether.  Such limitations would permit each party to

educate the jury on police procedures and practices that are not within the individual juror's knowledge while avoiding any potentially unfairly prejudicial testimony as to the ultimate issues at dispute in this case. Plaintiff addressed these issues, in part, in his Response to Defendants' *Daubert* Motion, and Memorandum in Support, Requesting to Exclude Testimony of Plaintiff's Expert Roger A. Clark.  Doc. 173, filed August 13, 2014.

I.     **ARGUMENT**

Plaintiff moves to exclude expert testimony on the credibility of parties or witnesses and as to whether Defendants complied or failed to comply with any actual or hypothetical police procedures or accepted practices. Expert testimony on police practices and procedures should be limited to opinions on what are or are not generally accepted sound police practices and procedures regarding (1) the procedures and tactics that police officers are expected to follow when engaging a subject exhibiting signs of emotional disturbance or mental illness, (2) the procedures and tactics appropriate when officers confront an individual wielding a knife, (3) appropriate discipline and supervision of officers within a police department, (4) the Department of Justice report, and (5) the significance of the firearm Defendant Kelly chose to use as her duty weapon (see Doc. 52, at ¶¶ 53-55).  Expert testimony should also be allowed on law enforcement's use of "less than lethal force tools," such as Tasers or beanbag shotguns, but should be limited to how such devices operate and what they are designed to do.[1]  Plaintiff also seeks to limit the proposed testimony of both experts based on relevance and the well-established doctrines generally disfavoring expert witness testimony on ultimate issues, and barring testimony which seeks to instruct the jury on legal standards.

---

[1] Defendant Kelly has testified at her deposition that she was in possession of a Taser and beanbag shotgun on the day of the shooting but failed to use them. *See* Exhibit 1, at pp. 140:21-142:1, deposition of Leah Kelly (Acata), attached hereto.

The Federal Rules of Evidence permit an expert to offer opinion evidence even when it "embraces an ultimate issue to be decided by the trier of fact." Fed.R.Evid. 704(a). *U.S. v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005). However, an expert may not simply tell the jury what result it should reach, or declare his or her opinion on the ultimate issue, without providing an explanation of the criteria on which that opinion is based or the means by which each juror can exercise independent judgment. *See United States v. Simpson*, 7 F.3d 186, 188–89 (10th Cir. 1993). This type of expert testimony may be excluded because it "usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law." *Id.* at 188; *see also U.S. v. Samara*, 643 F.2d 701, 705 (10th Cir. 1981) (an expert "may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility").

The Tenth Circuit has held that expert testimony on police practices and procedures is not necessarily relevant with respect to the jury's determination of whether an individual officer's use of force was reasonable under the Fourth Amendment. *Medina v. Crum*, 252 F.3d 1124, 1133 (10th Cir. 2001). The Tenth Circuit, however, has established that expert testimony on police procedures and practices may be admissible with respect to whether a municipality is liable under 42 U.S.C. § 1983 for failing to properly train or supervise officers on the use of force. *Zuchel v. City and County of Denver*, 997 F.2d 730, 742 (10th Cir. 1993); *see also Cox v. Glanz*, 2014 WL 916646, *2 (N.D. Okla. Mar. 10, 2014) While Plaintiff no longer possesses a § 1983 municipal liability claim against Defendant City, he still has a direct claim against the City of Albuquerque under the New Mexico Tort Claims Act for negligent supervision/discipline. *See* Doc. 178, entered August 22, 2014. This state law tort claim while inherently distinguishable

from a § 1983 municipal liability claim, nonetheless relies on extremely similar types of evidence for proof.  *See* Doc. 178.

In *Fancher v. Barrientos*, CIV. 11-118 LH/LAM, 2013 WL 8600085 (D.N.M. Aug. 19, 2013), a police shooting case alleging § 1983 excessive force claims and violations of the New Mexico Tort Claims Act, the Honorable Leroy Hansen permitted expert police procedures testimony on various policies and procedures that were relevant to the various claims, but did not permit plaintiff's expert to testify on any ultimate issues before the jury.  For example, Judge Hansen ruled,

> [plaintiff's police procedures expert] Mr. Reiter cannot render an ultimate opinion as to whether Deputy Barrientos was lying when he stated that he did not go down to where the squad car came to a rest, as that testimony is outside the scope of Mr. Reiter's expertise. However, Mr. Reiter can testify that an officer following standard police procedures would generally secure a firearm near a suspect . . . The Court nevertheless will not let Mr. Reiter testify that it was "unreasonable" for Deputy Barrientos to not secure Mr. Dominguez or the firearm after having fired multiple shots. The issue that is relevant at trial is whether Deputy Barrientos acted objectively reasonably when he fired the additional shots at Mr. Dominguez, not whether he acted unreasonably in failing to secure the firearm or handcuff Mr. Dominguez after the fact. Discussing whether Deputy Barrientos acted "reasonably" in failing to secure the firearm afterwards confuses the issues and is not helpful to the jury in determining whether Deputy Barrientos's testimony is credible.

*Id.*, 2013 WL 8600085, \*4.  The court also ruled, "Only use-of-force policies, or lack thereof, that could have caused the constitutional harm still at issue in the case—the allegedly unreasonable firing of multiple shots at Mr. Dominguez—will be relevant at trial." *Id.*, 2013 WL 8600085, \*5; *see also White v. Sedler*, CIV 07 00491 WPJ/DJS, 2009 WL 5125764, \*1 (D.N.M. Apr. 1, 2009) ("The Court notes that expert testimony on police procedures is relevant and admissible with respect to municipal liability claims, but that this case does not include such a claim."); *Ysasi v. Brown*, CIV 13-0183 JB/CG, 2014 WL 936326, \*9 (D.N.M. Feb. 28, 2014) ("[police procedures expert] Flynn may testify about how a Taser works and may describe his

4

experiences or training related to a Taser, which may help the jury in determining whether Brown and Rider used excessive force. Flynn may not testify, however, about specific SOPs that Brown and Rider may have violated, because whether Brown and Rider violated SOPs is irrelevant to whether they violated Ysasi's constitutional rights.").

Whether to allow such expert testimony at trial is squarely within the trial court's discretion. *See Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004) ("We review for abuse of discretion the manner in which the district court exercises its *Daubert* 'gatekeeping' role in making decisions whether to admit or exclude testimony. We will not, however, disturb a district court's ruling absent our conviction that it is arbitrary, capricious, whimsical, manifestly unreasonable, or clearly erroneous.")(citation omitted). Indeed, this Court has permitted expert police procedures testimony in an excessive force case *without* a direct liability claim against the police department in question, unlike this case, and permitted testimony far beyond what Plaintiff proposes here. *See Cordova v. Hosington*, et al., Case No. 11-CIV-806 GBW/WPL, Doc. 220 (D.N.M. January 20, 2014). Accordingly, Plaintiff's and Defendants' police procedures experts should be able to testify on the following subjects without testifying as to any ultimate issues: (1) the procedures and tactics that police officers are expected to follow when engaging a subject exhibiting signs of emotional disturbance or mental illness, (2) the procedures and tactics appropriate when officers confront an individual wielding a knife, (3) appropriate discipline and supervision of officers within a police department, (4) the Department of Justice report, and (5) the significance of the firearm Defendant Kelly chose to use as her duty weapon (see Doc. 52, at ¶¶ 53-55).

## II. CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court grant the relief sought herein.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
 DAHLSTROM, SCHOENBURG & BIENVENU, LLP

/s/ Brendan K. Egan 9/9/2014
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
500 4th Street, N.W. Suite 400
Albuquerque, NM 87102
(505) 243-1443
(505) 242-7845
cmnichols@rothsteinlaw.com
bkegan@rothsteinlaw.com

*Attorneys for Plaintiff Chandler Todd Barr*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of September, 2014, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Stephanie M. Griffin, Esq.
Kristin J. Dalton, Esq.
City of Albuquerque Legal Department
P.O. Box 2248
Albuquerque, NM  87103-2248
sgriffin@cabq.gov
kjdalton@cabq.gov

/s/ Brendan K. Egan 9/9/2014
ROTHSTEIN, DONATELLI, HUGHES,
 DAHLSTROM, SCHOENBURG & BIENVENU, LLP