IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHANDLER TODD BARR,

    Plaintiff,

v.   No.   12-CV-01109 GBW/RHS

CITY OF ALBUQUERQUE,
LEAH KELLY, in her individual capacity,

    Defendants.

### PLAINTIFF'S MOTION IN LIMINE III: SEEKING THE COURT'S APPROVAL TO USE RELEVANT OBJECTS IN THE CUSTODY AND CONTROL OF DEFENDANTS AS DEMONSTRATIVE EXHIBITS AT TRIAL

COMES NOW Plaintiff Chandler Barr, by and through his undersigned counsel, and respectfully move this Court for an order allowing Plaintiffs and Defendants, if they choose, to use certain objects in the custody and control of Defendants as demonstrative exhibits at trial. During the shooting at hand, Defendant Kelly used her own personal weapon, a Kimber SIS Custom 1911 automatic pistol in .45 ACP caliber. *See* Doc. 52, at ¶¶ 53-55. Defendant Kelly had a light attached to the bottom of this firearm on the day she shot Chandler Barr. *See* Exhibit 1, photograph of Kimber SIS Custom 1911 with light, attached hereto. In addition, Plaintiff also requests an Order from this Court permitting use of the actual knife that Chandler used to cut his arm on the day of September 14, 2010 as a demonstrative exhibit. *See* Exhibit 2, photograph of actual knife, attached hereto.[1] Plaintiffs do not object to the submission of an instruction to the jury informing it that such demonstrative exhibits are of limited significance and for educational purposes only.

---

[1] While the knife has some blood residue on it, undersigned counsel has seen and handled the knife, wrapped in plastic and safe for handling, at the APD Evidence Laboratory.

Demonstrative exhibits may be admitted, at the trial court's discretion, as "educational tool[s] for the jury." *Wipf v. Kowalski*, 519 F.3d 380, 387 (7th Cir. 2008). Federal Rule of Evidence 901 mandates that "a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). The Rule then notes that the "[t]estimony of [a] witness with knowledge" suffices. Fed.R.Evid. 901(b)(1). Demonstrative exhibits are presented to the jury for illustrative purposes only and the jury should be informed that any demonstrative exhibit is presented for the limited purpose of illustration. *See, e.g., Pandit v. American Honda Motor Co., Inc.*, 82 F.3d 376, 381 (10th Cir. 1996); *Brandt v. French*, 638 F.2d 209, 212 (10th Cir. 1981). Since the demonstrative exhibits at issue here are actual objects which were part of the shooting giving rise to this lawsuit, and not a summarizing chart or graph created by a party's expert, any concerns the Court or jury have about whether the evidence is what witnesses claim it is should be assuaged. *See, e.g., U.S. v. Ollison*, 555 F.3d 152, 162 (5th Cir. 2009)("Summary charts premised on the Government's assumptions are permissible as long as supporting evidence has been presented to the jury, and the jury is instructed that it must determine what weight the evidence should be given.").

Various witnesses identified by both parties, including Defendant Kelly and Plaintiff, in addition to Plaintiff's expert and possibly Defendants' expert, will be able to identify these demonstrative exhibits, describe them, state their functions, and confirm that they were used at the shooting on September 14, 2010. The jury's ability to see Defendant Kelly's firearm along with the actual knife that Chandler Barr carried on September 14, 2010 will assist jurors in understanding the force used against Chandler Barr and the threat (or perceived threat) posed, if any, to Defendant Kelly by Chandler Barr.

In addition to these two objects actually used during the shooting, Plaintiff seeks permission to use an APD-issued Taser and beanbag shotgun as demonstrative exhibits at trial. In Plaintiff's Motion in Limine II regarding expert witness testimony (Doc. 196, filed September 9, 2014), Plaintiff requests permission from this Court to present expert testimony on the "less lethal force tools," including a Taser and beanbag shotgun, in Defendant Kelly's possession on September 14, 2010, what they are, and how they operate. If such expert testimony is allowed, both parties' expert witnesses can lay a foundation about each piece of police equipment, describe its operation, and what each piece is designed to do.

Such expert witness testimony will not only confirm that these items of police equipment are what they are purported to be, it will explain that these items could have or should have been used in the shooting on September 14, 2010, and will help the jury understand Plaintiff's claims and Defendants' defenses. Plaintiff's claims involve Defendant Kelly's lack of use of one of these "less lethal force tools," and the use of her personal weapon, a Kimber SIS Custom 1911 pistol. *See* Doc. 52, at ¶¶ 53-55. Accordingly, the use of these pieces of police equipment as demonstrative exhibits will assist the jury in understanding the facts and their relation to Plaintiff's claims and Defendants' defenses.

Counsel for Defendants, through Stephanie Griffin, opposes this motion.

WHEREFORE, Plaintiff respectfully requests this Court grant the relief sought herein.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
  DAHLSTROM, SCHOENBURG & BIENVENU, LLP

/s/ Brendan K. Egan 9/9/2014
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
500 4th Street, N.W. Suite 400
Albuquerque, NM 87102
(505) 243-1443
(505) 242-7845
cmnichols@rothsteinlaw.com
bkegan@rothsteinlaw.com

*Attorneys for Plaintiff Chandler Todd Barr*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of September, 2014, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

   Stephanie M. Griffin, Esq.
   Kristin J. Dalton, Esq.
   City of Albuquerque Legal Department
   P.O. Box 2248
   Albuquerque, NM   87103-2248
   sgriffin@cabq.gov
   kjdalton@cabq.gov

                    /s/ Brendan K. Egan 9/9/2014
                    ROTHSTEIN, DONATELLI, HUGHES,
                      DAHLSTROM, SCHOENBURG & BIENVENU, LLP

4