IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHANDLER TODD BARR,

    Plaintiff,

v.                                                                     No.   12-CV-01109-GBW/RHS

CITY OF ALBUQUERQUE, *et al.*,

    Defendants.

## ORDER ON DEFENDANTS' MOTIONS

This matter is before the Court on Defendants' Second Motion to Dismiss (*doc. 159*), Motion to Bifurcate (*doc. 88*), and Motion to Transfer Trial Location (*doc. 179*). The Court, having considered the parties' briefing and arguments at the hearing held on September 29, 2014 (*doc.260*)[1] and being otherwise fully advised, hereby rules as follows: Defendants' Second Motion to Dismiss, and Motion to Transfer Trial Location are DENIED. Defendants' Motion to Bifurcate is GRANTED.

### I.     DEFENDANTS' MOTIONS SECOND MOTION TO DISMISS

In their Second Motion to Dismiss, Defendants moved for the Court to dismiss Plaintiff's Complaint as a sanction for Plaintiff's untruthfulness during discovery. *Doc. 159.* At the hearing, Defendants argued that, since they had filed their initial motion to dismiss, Mr. Barr's continued evasiveness and his hostility during discovery warranted

---

[1] The remaining motion discussed at the hearing – Defendants' motion regarding Plaintiff's expert (*doc. 162*) -- will be addressed by separate order.

1

dismissing his claims.  Specifically, Defendants point to further evidence obtained from Brian Flick and Plaintiff's continued deposition testimony.

With respect to the evidence from Brian Flick, the Court has already determined that it does not justify dismissal.  Defendants argued in their first motion to dismiss that Plaintiff falsely denied that he had told medical personnel at the Minnesota Regions Hospital Emergency Department that he had charged a police officer with a knife.  *Doc. 89* at 7-8.  At the hearing on that motion, the Court recognized and anticipated that Defendants may obtain evidence that contradicted Plaintiff's denial.  *Doc. 117* at 19-20.  Nonetheless, the Court indicated that, while such evidence may impact its decision on a possible jury instruction, it would not justify dismissal.  *Id.* at 19-21.

With respect to Plaintiff's continued deposition, as with the contradictions and problems with Plaintiff's initial deposition testimony, the Court is not persuaded that the problems cited by Defendants amount to perjury justifying dismissal of his claim.  The Court will address the issues raised in both Defendants' dismissal motions through jury instructions.

For these reasons and those set forth at the hearing, the Court denies this motion.

## II. DEFENDANTS' MOTION TO BIFURCATE

Defendants moved for the Court to bifurcate the trial, with the first part addressing Plaintiff's claims for battery and excessive force against Officer Kelly and the second part addressing Plaintiff's claim for negligent supervision against the City.

Defendants' argued that bifurcation is in order because the City's liability is dependent upon a jury first finding Defendant Kelly violated Plaintiff's constitutional rights. At the hearing, Plaintiff argued that a single, consolidated trial on all of the claims was needed, despite the City's potential vicarious liability for the battery claim, because the jury needed an opportunity to find fault on the part of the City.

Having considered the arguments of the parties, the Court will grant the motion and bifurcate the trial into a first phase (which will address all non-negligent supervision claims) and a second phase (which will address the negligent supervision claim, assuming a finding of liability on the battery claim). As was clear at the hearing on this motion and even more clear at the subsequent pretrial conference, significant amounts of evidence in this case is admissible on the negligent supervision claim and inadmissible as to all other claims. Bifurcation will streamline the presentation of evidence in the first phase and render it superfluous should the jury not find for Plaintiff on the battery claim. In addition to being more efficient, and more importantly, bifurcation will produce a fairer trial for both parties in both phases. It will eliminate the significant problem of unfair prejudice resulting from introducing evidence admissible on one claim yet totally inadmissible on all others. On the other hand, it prevents the possibility of evidence otherwise admissible on negligent supervision from being excluded under a 403 analysis because of potential prejudice to the other claims.

For these reasons and those set forth at the hearing, the Court grants this motion.

### III.    DEFENDANTS' MOTION TO TRANSFER TRIAL

Defendants moved for the Court to transfer the trial from Albuquerque, NM to Las Cruces, NM.  Defendants argued that the risk of prejudice arising from the extensive media coverage of police shootings in Albuquerque necessitated transferring the trial.  Plaintiff argued that trial should remain in Albuquerque because doing so would be more convenient and economical, much of the media coverage has been unrelated to the case at hand, and a local jury should decide a matter of local importance.

This request invokes the Court's power to "order any civil action to be tried at any place within the division in which it is pending."  28 U.S.C. § 1404(c).  This case is, of course, pending in the District of New Mexico.  While court can be held at various courthouses, the District of New Mexico is comprised of one district and one division.  *See* 28 U.S.C. § 111 ("New Mexico constitutes one judicial district."); *compare* 28 U.S.C. § 100 ("Maryland constitutes one judicial district comprising two divisions."). Consequently, moving a trial setting from one federal courthouse to another within the district is not a venue or forum change subject to analysis under 28 U.S.C. § 1404(a).  *Cf. Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir. 1991). Nonetheless, some of the factors considered under that provision are relevant to the instant decision.  Specifically, the Court has considered the courthouse in which

4

plaintiff decided to file; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; relative advantages and obstacles to a fair trial; and the advantage of having a local court determine questions of local law.  *See id*. at 1516.  As discussed at the hearing, all the factors but one clearly point to the Albuquerque courthouse as the appropriate location for trial.  The one concern is the possibility that pre-trial publicity surrounding shootings by the Albuquerque Police Department could present an obstacle to a fair trial.  However, the Court is persuaded that, with the supplemental questionnaire to be completed by the venire panel and the extended voir dire being permitted by the Court, a fair and impartial jury can be selected in Albuquerque.

For these reasons and those set forth at the hearing, the Court denies this motion.

IV.     CONCLUSION

Wherefore, Defendants' Second Motion to Dismiss (*doc. 159*), and Motion to Transfer Trial Location (*doc. 179*) are DENIED, and Defendants' Motion to Bifurcate (*doc. 88*) is GRANTED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**