IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHANDLER TODD BARR,

    Plaintiff,

v.                          No.   12-CV-01109-GBW/RHS

CITY OF ALBUQUERQUE and LEAH KELLY,

    Defendants.

## ORDER REGARDING ADMISSIBILITY OF DEPOSITION DESIGNATIONS

This matter comes before the Court on the parties' deposition designations and associated objections (*docs. 202, 220, & 234*).  Defendants submitted their Notice of Deposition Designations on October 24, 2014, in which they designated for admission portions of deposition testimony by Brian Flick and Gabriela Prieto, M.D.  *Doc. 202*, at 1; *Doc. 202-1*; *Doc. 202-2*.  The Court, having considered the arguments and applicable law, and being otherwise fully advised, will grant in part and deny in part Plaintiff's Amended Objections to Defendants' Deposition Designations.  *Doc. 234*.

Plaintiff objects to Mr. Flick's testifying at trial whether in person or by deposition.  *See* Plaintiff's Motion in Limine II, *Doc. 201*.  Should the Court permit Mr. Flick's testimony, Plaintiff objects to the following deposition designations:  Page 14:15-23 and Pages 15:21-16:13.  *Doc. 220* at 1.  Plaintiff contends that these portions of Mr. Flick's testimony are irrelevant and unfairly prejudicial.  *Id.*  Assuming Mr. Flick's testimony is admitted, Plaintiff moves to admit the following portions:  Page 20:2-15 and Pages 21:17-22:11.

At the Pretrial Conference, Defendants' stated that they did not object to redacting the portions of Mr. Flick's testimony to which Plaintiff objected.  Having found Mr. Flick's testimony permissible, *see* Order on Motions in Limine, *Doc.* 277, and noting Defendants' concurrence with Plaintiff's objections, the Court will grant those objections.  The Court will exclude Mr. Flick's deposition testimony on pages 14:15-23 and 15:21-16:13.  The Court will grant Plaintiff's counterdesignation of the following portions:  Page 20:2-15 and Pages 21:17-22:11.

Defendants' also designated substantially all of Dr. Prieto's answers to Defendants substantive questions during her deposition.  *Doc. 202*, at 1; *Doc. 202-2*.  Plaintiff's response does not raise any specific objections to Dr. Prieto's deposition testimony, other than to assert that Dr. Prieto should testify in person.  *Doc. 220*, at 3.  At the Pretrial Conference, Plaintiff further argued that Dr. Prieto's testimony would be cumulative because the parties' had stipulated to Dr. Prieto's medical record regarding Plaintiff's visit to the University of New Mexico Hospital as an exhibit.  Plaintiff also noted that Dr. Prieto has been subpoenaed and should be available for trial.  Defense counsel stated that she would present Dr. Prieto's testimony in person unless Dr. Prieto became unavailable.  The Court will permit Dr. Prieto's testimony in person or, if unavailable under the Rules, by deposition.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH

UNITED STATES MAGISTRATE JUDGE
Presiding by Consent